## MADDOX *vs.* THE COUNTY OF RANDOLPH.

1. A motion to dismiss because the plaintiff, by his pleadings, showed no good cause of action, may be made at any time.

2. Where damage is claimed from a county because of injuries sustained by the falling of a bridge on which plaintiff was riding, the declaration must show that the claim sued for had been presented to the ordinary for auditing within twelve months from the time of the injuries.   The auditing referred to is not confined to any particular class of claims, but is applicable to all.

Practice in the Superior Court.   Motion.   County Matters.   Pleadings.   Before Judge WRIGHT.   Randolph Superior Court.   November Term, 1879.

Reported in the opinion.

JOHN T. CLARKE & SON;   WILLIAM HARRISON, for plaintiff in error.

ARTHUR HOOD, Jr.;   L. S. CHRISTIAN, for defendant.

CRAWFORD, Justice.

. The plaintiff in error brought suit against the county of Randolph to recover damages for injuries sustained by the falling of a bridge over which he was riding in said

·county. The defendant pleaded the general issue at the first term of the court, and at the trial term the statute of limitations. After the parties had announced ready, ·counsel for the defendant demurred to the declaration on the ground that it did not allege that the claim sued for had been presented to the ordinary for auditing within twelve months from the time of the injuries, it appearing in the declaration that the injuries occurred on the fifteenth ·day of July, 1876, and that suit was brought October 15th, 1877. The court, after argument had, dismissed the suit, and the plaintiff excepted.

1. All objections appearing upon the face of the declaration which would not be good in arrest of judgment should be taken advantage of at the first term, and a demurrer should have been taken at that time to have brought the defendant within the rule of court, and as that term had passed and the general issue been filed, this was a defence more appropriate to plea than motion. Yet after the ruling by the court there was no motion to amend, and no pretense that the claim had been presented within the twelve months which the court held to be necessary. So that although it was called a demurrer, yet it was a motion to dismiss the case because the plaintiff, by his pleadings, showed no good cause of action, and this motion may be made at any time.

2. The question then is, was the defendant liable unless this claim was presented to the ordinary within twelve months from the time it occurred?

Every county is made a body corporate, endowed with the exercise of many rights and privileges, as well as ·charged with many obligations and responsibilities. Being a body corporate, the law has declared how and in what manner its business with the public shall be conducted, how the public may deal with, how arrive at a settlement, how sue, how serve, and *when the claims must be presented.* The justices of the inferior court were originally charged ·with the management of the financial affairs of the county;

the law required them to audit all the claims against their respective counties; every claim, or such part thereof as was allowed, was to be registered and the clerk was to give the claimant an order on the county treasurer for the amount. There was, however, one limitation in their favor, which was that "all claims against them must be presented within twelve months after they accrue or become payable, or the same are barred."

The general law now is, that the functions of those justices are performed by the ordinary of each county, who audits and allows every claim, or such part thereof as he may allow, and gives an order on the county treasurer for the same, but the bar of the statute attaches as before after the twelve months have elapsed.

It was insisted on the argument that this was not such a claim as could be audited, and therefore the law did not apply. Why not audit—that is "examine and adjust" the damage? What was the injury? how long was the plaintiff confined from it? how long unable to pursue his usual avocation? what his physicians' bills, medicine, etc.? These were all elements entering into this claim. Even if this, however, be insufficient, a conclusive answer thereto is, that the law makes no distinction between the different classes of claims, but says *all*, and this must necessarily be included.

This ruling is consistent also with a sound public policy in reference to claims that are made against the counties; their business is managed and controlled by officers who are chosen for short periods of time, and to allow delays until those who were in office, and who had knowledge of all the facts surrounding the claims have been displaced by others who know nothing of them, or of the witnesses whose testimony would protect the county, would be to give to the claimants such an advantage as would be unjust and improper.

Judgment affirmed.