POWELL *vs.* THE COUNTY OF MUSCOGEE.

| 71 | 597 |
| d97 | 733 |

[Blandford, Justice, being disqualified, did not preside in this case.]

All claims against counties must be presented by written demand to the ordinary, or county commissioners in session (when there are any), within twelve months after such claims accrue or become payable, or the same are barred, unless held by minors or persons laboring under disabilities. Where it appeared from plaintiff's evidence that this requirement had not been complied with, a non-suit was properly awarded.

(*a.*) Mere conversations with individual members of the board of commissioners, looking to a compromise of the matter, were not sufficient.

October 9, 1883.

County Matters. Actions. Non-suit. Statute of Limitations. Before Judge WILLIS. Muscogee Superior Court. May Term, 1883.

Reported in the decision.

B. A. THORNTON, for plaintiff in error.

L. F. GARRARD, for defendant.

JACKSON, Chief Justice.

The grant of the non-suit is assigned as error in this record. It should have been awarded on the bar of the statute of limitations. The statute declares that " all claims against counties must be presented within twelve months after they accrue or become payable, or the same are barred, unless held by minors or persons laboring under

disabilities, who are allowed twelve months after the removal of such disability." Code, §507.

This suit was brought after the expiration of twelve months from the time the right of action accrued by the mule being killed in crossing the bridge. No claim for damages was presented to the commissioners in writing, or to them sitting as commissioners, even verbally, and the plaintiff labored under no disability; therefore the right of action was barred by the statute. The members of the commission were seen individually by the plaintiff and his attorney at different times, and the matter brought to their attention, and propositions to compromise were made by the attorney; but no formal claim was presented in writing, or laid before the body in session, either regular or called, at any time, verbally or in writing. 65 *Ga.*, 216. In that case this point is ruled, and the ruling covers this case. The presentation of the claim is the beginning of the proceeding to get damages. It must be within twelve months. It ought to be in writing, as the demand and its date is the beginning of a judicial proceeding within a period which would prevent the bar of the statute. It was made in writing formerly to the inferior court, and then to the ordinary, where there are no commissioners; so it should be to the commissioners of roads and revenue, where there are such. Code of 1863, §§4028, 4022. The duties of the inferior court sitting for county purposes, were devolved upon the ordinaries by the constitution and laws, after the Code of 1863, and the mode of procedure, in the absence of special legislation changing it, was the same. The sections cited from the Code of 1863 show that the mode of procedure before the inferior court was in writing, and when they were in session on county affairs. By the judgment in 65 *Ga.*, 216, following the necessary logic of the change, the same mode is ruled as proper for the ordinary, and so it should be for county commissioners, who manage the same affairs in Muscogee. Acts of 1872, p. 451.

The result is, that the claim should have been presented

in writing, to the commissioners in session, within twelve months from its accrual. It not having been done, and suit of no sort having been begun within twelve months, the claim is barred, and the non-suit was right.

Judgment affirmed.

[Blandford, Justice, being disqualified, did not preside in this case]