## DEMENT v. DEKALB COUNTY.

97  733
e119 863
119  864

Where an action for damages to realty was brought against a county within twelve months from the time the claim for such damages arose, the plaintiff's action was not barred because he failed, before bringing the action, to present such claim to the proper county authorities. The bringing of the suit within the time limited was a sufficient presentation of the claim within the meaning of section 507 of the code.

February 7, 1896.

Action for damages.   Before Judge Clark.   DeKalb superior court.   August term, 1895.

*John C. Reed* and *H. B. Moss*, for plaintiff.
*John S. Candler*, for defendant.

LUMPKIN, Justice.

Dement brought an action against the County of DeKalb for damages to certain realty, alleged to have been occasioned in the manner set forth in his declaration, the particulars of which are immaterial. He did not, before bringing the action, present any claim to the county commissioners, or other county authorities; but his declaration was filed within twelve months from the time his claim for damages arose. The question is: Was the bringing of the suit, as stated, a sufficient presentation of the claim within the meaning of section 507 of the code, which provides that "all claims against counties must be presented within twelve months after they accrue or become payable, or the same are barred," except in the case of minors, etc.?

The cases of *Maddox* v. *County of Randolph*, 65 *Ga.* 216; *Powell* v. *County of Muscogee*, 71 *Ga.* 587; *Murphey* v. *Educational Board of Burke County, Ibid.* 856, are not in point, because they all relate to actions commenced after the expiration of the twelve months, with no previous presentation of the claim. In fact, the identical question now under consideration has never, so far as we

have been able to ascertain, been definitely decided by this court.

Section 491 of the code declares, without qualification, that every county may be sued in any court. Section 506 makes it the duty of the ordinaries to audit all claims against their respective counties; which duty, of course, would devolve upon officials who, by operation of law, took the place of the ordinary in managing the county's affairs, as, for instance, where the ordinary is superseded as to these matters by a board of county commissioners, as in the present case. The material portion of section 507 has already been quoted. It will be observed that this latter section was a part of our law a very long time before the provisions of section 506 (taken from the act of December 15th, 1871) constituted a part of the code. The requirement that all claims shall be presented within twelve months, or else be barred, was made without imposing upon the claimant any burden whatever with respect to the auditing of the same by the county officials. All he had to do was to present his claim within the twelve months prescribed by law. The subsequent act of 1871 merely directed the county officials as to what they should do with such claims when presented, and in no way sought to change the pre-existing law as contained in section 507, or to impose upon claimants any additional burden or duty. The provisions of the latter section, therefore, now stand as they have always stood, and are to be construed by themselves, and not in connection with the provisions of the preceding section which has subsequently found its way into the code. Its requirements, addressed alone to the county officials, as to auditing claims, are not relevant, and cannot be considered as in any way affecting the rights or duties of the claimant.

In some of the above cited cases, and perhaps in others, the matters of presenting and auditing claims have, nevertheless, been discussed in connection with each other, under the apparent misapprehension that sections 506 and

507 related to one and the same matter and should be construed together.  There has, however, been no binding or authoritative decision contrary to the conclusion herein announced.  Nothing material to the present discussion was decided in those cases, except that where a claim against a county was not presented within twelve months, it was barred.  The opinion of Chief Justice Jackson in the *Powell* case, *supra* (page 589), contains a clear intimation that the bringing of an action within twelve months would dispense with a previous presentation; and the real purpose of section 507 is probably correctly indicated by Justice Crawford in his opinion in the *Maddox* case, *supra*, when he suggests that as the business of counties is managed and controlled by officers who are chosen for only short periods of time, to allow delays in bringing forward claims until those who were in office and had knowledge of the facts had been displaced by others who were ignorant as to the merits of such claims, would be prejudicial to the county's interests.  In other words, the main object of the law was doubtless to provide that the county officials should have timely notice of all demands against the county, in order that they might intelligently and advisedly take the proper action concerning the same.  The giving of such notice is as effectually accomplished by the filing of a declaration against the county and having the same duly served, as could be done by handing to the ordinary or board of commissioners a written statement setting forth the nature of the claim.  Indeed, it is more than likely that the information contained in a declaration would be fuller and more satisfactory than in a less formal document tendered by the claimant in person.  Section 507 does not provide in what *form* the claim shall be presented; nor does it warrant the construction that a formal presentation of the claim shall be a condition precedent to the bringing of suit.  It is enough, we think, if the claim be presented in the shape of an action.  Indeed, at last, section 507 is only a statute of

limitations.    See *Neel* v. *Commissioners of Bartow County*, 94 *Ga.* 216.

We therefore conclude that the trial judge erred in granting a nonsuit on the ground that the plaintiff failed to show he had presented his claim within twelve months, as required by law.                    *Judgment reversed.*