28855. DAVIS *et al. v.* COBB COUNTY.

DECIDED JUNE 26, 1941. REHEARING DENIED JULY 28, 1941.

*T. E. Latimer, George D. Anderson, Blair & Gardner, J. G. Roberts,* for plaintiffs.

*J. V. Carmichael, R. S. Grove,* for defendant.

STEPHENS, P. J. Lucy Davis and her husband, Tom Davis, brought suit against Cobb County for damages alleged to have been sustained by them as the result of the taking and damaging of certain real estate owned by the wife and leased by her to the husband, by reason of the filling in of a spring on adjoining land by the defendant by dumping dirt in and over the spring, stopping it up, and diverting and shutting off from such land the water which had freely flowed thereon for a long period of time. It was alleged that the right of way of the road was graded, the dirt removed there-

from, and dumped into and onto this spring, and that the spring was situated more than 100 feet from the right of way which was being graded by the defendant under a contract with the State Highway Board. The amount of the damage was alleged to be the difference between the value of the land before the alleged taking and damaging and its value thereafter. The petition alleged that within 12 months from the date of the injury complained of notice in writing of the claim for damages was given to the defendant. The defendant denied liability, and also denied that notice had been given as alleged. The case proceeded to trial, and at the conclusion of the plaintiff's evidence counsel for the defendant moved for a nonsuit. The court sustained the motion, and the plaintiffs excepted.

■ It appears from the evidence that within 12 months from the alleged injury and damage to the land the plaintiffs served C. M. Head, the sole commissioner of roads and revenues of Cobb County, personally with a written notice of the claim. This notice was dated November 18, 1938, and was signed by each of the plaintiffs. The Code, § 23-1602, provides: "All claims against counties must be presented within 12 months after they accrue or become payable, or the same are barred." The defendant contends that under this section the claim must be presented to the governing authorities of a county, and at a time when such authorities are in actual session for the transaction of county affairs; that the plaintiffs did not present the claim to the governing authorities; and that the notice of the claim was not served on the commissioner of roads and revenues of the county while in actual session for the transaction of county business.

The object of presenting a claim to a county before the institution of suit is to afford the county an opportunity to investigate the claim and ascertain the evidence and to avoid the incurrence of unnecessary litigation. See 15 C. J. 646; Neal v. Bartow County, 94 Ga. 216 (21 S. E. 516). Generally, the governing authority of a county, under the system of county government now prevailing in this State, is the commissioners of roads and revenues of the county. This is usually by virtue of a special act of the legislature as respects each particular county. By the act of 1924, supra, the office of "commissioner of roads and revenues for Cobb County" was created. This act provided that the government of

Cobb County was vested in a single commissioner of roads and revenues, and that such commissioner "shall examine, allow, and settle all just claims against the county." While the act of 1924 also provided that in the handling of all financial affairs of the county the ordinary thereof and the clerk of the superior court "are hereby made an advisory board, to serve and act in conjunction with the said commissioner," it is our opinion that the objects and purposes of Code, § 23-1602, are sufficiently complied with by personal service of a written claim against the county on the commissioner of roads and revenues holding office by virtue of the act of 1924, without service also on the ordinary and clerk of the superior court as members of such advisory board. While Code, § 69-308, providing for the filing of a claim against a municipality before suit, is unlike the statute relative to the presentment of claims against a county, the objects and purposes of the two statutes are similar. See *Jones* v. *Savannah*, 52 *Ga. App.* 537, 539 (184 S. E. 353). It has been held that evidence tending to show that the notice of a claim against a city was given to the mayor was admissible to show that the provisions of Code, § 69-308, had been complied with. *City of LaFayette* v. *Rosser*, 53 *Ga. App.* 228 (185 S. E. 377).

The Code, § 23-1602, does not require that a claim against the county be presented at a time when the governing authority is actually in session, either at a regular or called meeting, for the transaction of county affairs. Notice was just as effectually received by the county when its single commissioner was personally served with the claim within the time required by law, as if the claim had been presented to the commissioner and to the other members of the advisory board when they were holding a meeting for the transaction of county affairs.

■ The evidence for the plaintiffs otherwise tended to support the allegations of the petition which, as has been held by this court, stated a cause of action. *Davis* v. *Cobb County*, 61 *Ga. App.* 712 (7 S. E. 2d, 324).

■ The judge erred in awarding a nonsuit.

*Judgment reversed.* *Sutton and Felton, JJ., concur.*