A92A0367. STRICKLAND et al. v. WILSON et al.
(421 SE2d 94)

BEASLEY, Judge.

Plaintiffs Strickland instituted this wrongful death action as a result of the death of their two-year-old son Ryan. He was killed when a vehicle which his mother was driving collided with a vehicle driven in the opposite direction and into Strickland's lane by Bobby Wilson. Ryan was a passenger in his mother's car.

Wilson did not have a valid driver's license and was operating his vehicle while intoxicated. He had a history of such. Approximately 90 days before the collision, Wilson was arrested for DUI and driving with a suspended license, and his car was impounded. Vaughn, Sheriff of Hart County, who was responsible for sequestering the car, released it to Gaines, a City of Hartwell police officer. Gaines in turn

allowed Wilson to reacquire its possession.

The Stricklands sued Wilson; Gaines, individually and in his capacity as a City of Hartwell police officer; Vaughn, individually and in his capacity as Sheriff of Hart County; the City of Hartwell; and Hart County. They sought damages against the individual defendants, as well as against the city and county under the doctrine of respondeat superior.

Plaintiffs allege that Gaines and Vaughn were acting within the scope of their employment; both Gaines and Vaughn were aware of Wilson's driving record; Gaines, who was Wilson's friend, confidant, and creditor, persuaded Vaughn to release the car to him without proof that Wilson had insurance or a valid driver's license; Vaughn knew Wilson would regain possession of the car; Vaughn's release of the car to Gaines was negligent, grossly negligent, and done with conscious indifference to the consequences. Vaughn maintains that Gaines represented to him that Gaines was taking the car in settlement of a debt owed him by Wilson.

This is an interlocutory appeal from an order dismissing defendant Sheriff Vaughn, who had been sued in his official capacity, because of the Stricklands' failure to give him notice of their claim within 12 months of its accrual, pursuant to OCGA § 36-11-1. The trial court considered *Hayes v. Med. Dept. of DeKalb County Jail*, 197 Ga. App. 563 (398 SE2d 837) (1990), to be controlling, but it is not so because it was viewed as only presenting claims against the county.

OCGA § 36-11-1 provides that "[a]ll claims against counties must be presented within 12 months after they accrue or become payable or the same are barred." This relates to suits against the county itself. *Commissioners of Roads &c. of Houston County v. Howard*, 59 Ga. App. 451 (1 SE2d 222) (1939). As to such, the county, and not its agents in their representative capacities, is the proper defendant. *Stelling v. Richmond County*, 81 Ga. App. 571, 579 (4) (59 SE2d 414) (1950). Under the statute, the county is entitled to ante litem notice.

"The purpose of the law requiring claims to be presented within a year of their accrual is to afford the county an opportunity to investigate the claim and ascertain the evidence and to avoid the incurrence of unnecessary litigation. *Davis v. Cobb County*, 65 Ga. App. 533 (15 S. E. 2d, 814). It further serves a purpose in that, at the beginning of the year, county authorities generally estimate their budget requirements as a basis for the levying of taxes; they thereafter make commitments and pay out funds, and some method is needed for controlling the presentation of delayed claims which might be brought in subsequent years, with the result that suits would be brought and judgments obtained that could only be paid by diverting tax money levied for other purposes." *Stelling*, supra at 575 (1).

The statutory requirement, being in derogation of the common law, is strictly construed. Cf. *Hicks v. City of Atlanta*, 154 Ga. App. 809, 810 (270 SE2d 58) (1980). Its underlying purpose is to protect the county's purse. By its terms the statute provides this protection only to the governmental entity and does not extend it also to the county's agents or employees who are sought to be held personally liable.

Instead, this case is somewhat analogous to *Acker v. City of Elberton*, 176 Ga. App. 580 (336 SE2d 842) (1985), which concerned OCGA § 36-33-5. It requires a party having a claim for money damages against a municipal corporation to present the claim in writing to the governing authority within six months of the happening of the event upon which the claim is predicated or be barred. The claim against the city was barred because of plaintiff's failure to give ante litem notice under OCGA § 36-33-3, but this was held not to apply to the claim against the former police officer, whose arrest of plaintiff underlay the action.

Sheriff Vaughn argues that a suit against a county employee in his official capacity is in effect a suit against the county, since the county acts through its employees and officials. He has merged the separate doctrines of governmental and official immunity, as applied to a case such as this in which monetary judgments were at first sought against both the governmental entity and the official personally.

" '[A]ny suit against an officer or agent of the State, in his official capacity, in which a judgment can be rendered controlling the action or property of the State in a manner not prescribed by statute, is a suit against the State. . .' . . . [Cit.]" *Hennessy v. Webb*, 245 Ga. 329, 330 (264 SE2d 878) (1980). That suit was against a public school principal for personal liability. Plaintiffs, like the Stricklands following their dismissal of the two governmental entities, sought damages only from the official personally and did not seek recovery from public funds.

Where a party seeks rendition of a monetary judgment against a governmental entity under the doctrine of respondeat superior based upon the conduct of a governmental officer or agent in his or her official capacity, that too is a suit against the state. Where, however, as here, a party seeks a money judgment holding a governmental officer or agent personally liable albeit for actions in his official capacity, that is a suit against the individual and not the government, although the doctrine of official immunity may bar the suit. See *Hennessy*, supra; *Hicks v. Walker County School Dist.*, 172 Ga. App. 428, 429 (3) (323 SE2d 231) (1984). The question of immunity is not before us. It is distinguished from sovereign immunity and "serves as a protective aegis for public officials from tort liability for damages arising

from discretionary acts or functions in the performance of their official duties." 63A AmJur2d, Public Officers & Employees, § 359, p. 926 (1984).

Plaintiffs were not compelled, by OCGA § 36-11-1, to notify Sheriff Vaughn of the suit in advance of filing it against him. The complaint against Vaughn is not subject to dismissal under OCGA § 36-11-1.

*Judgment reversed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED JUNE 30, 1992 —
RECONSIDERATION DENIED JULY 22, 1992 — 

*Moffett & Henderson, John W. Henderson, Jr., Henry B. Sams, D. Kevin Wheeler*, for appellants.
*Walter J. Gordon, Joanna B. Hannah, Joe B. Sartain, Jr., David L. Hudgins*, for appellees.
Bobby H. Wilson, *pro se*.
*Walker, Hulbert, Gray & Byrd, Charles W. Byrd*, amicus curiae.