A10A0625. COLUMBIA COUNTY et al. v. BRANTON et al.

(695 SE2d 674)

ELLINGTON, Judge.

Columbia County and Clay N. Whittle, in his official capacity as Sheriff of Columbia County ("the county defendants"), appeal from an order of the Superior Court of Richmond County denying their motion for summary judgment. The superior court found that plaintiff John J. Branton's claims were not barred by his failure to serve a timely ante litem notice because the time for filing the ante litem notice had been tolled. We granted the county defendants' application for interlocutory appeal to consider whether the superior court erred in concluding that OCGA §§ 9-3-96 and 9-3-99 applied under the circumstances of this case to toll the time for filing the ante litem notice. For the reasons that follow, we reverse the order of the superior court.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. We review de novo a trial court's grant of summary judgment.

(Citations and punctuation omitted.) *Jones v. City of Willacoochee*, 299 Ga. App. 741 (683 SE2d 683) (2009). So viewed, the record reveals the following relevant facts.

On June 4, 2006, the plaintiff's wife, Margaret Branton, was killed in an automobile collision that occurred in Columbia County. The collision occurred when Tiara Smith, a shoplifter who was fleeing the scene of her crime, sped through a red light and collided with the car in which Mrs. Branton was a passenger.

A Columbia County Sheriff's deputy, Kenny Curtis, saw Smith's black Ford Explorer speed by him as he was riding his motorcycle in the opposite direction. Deputy Curtis activated his lights and siren, turned around, and followed the vehicle. Deputy Curtis deposed that he did not know whether Smith had seen him. No one monitoring radio traffic heard Deputy Curtis say he was engaged in "a pursuit." When Deputy Curtis finally caught up to Smith, the collision had already occurred.

Immediately after the collision, Lieutenant Andy Shedd of the Columbia County Sheriff's Office spoke with Deputy Curtis and the

drivers of two other cars that had been tangentially involved in the accident. Lieutenant Shedd asked Deputy Curtis if he had pursued Smith's car, and Deputy Curtis told him: "No, I did not. I never had a chance to catch up to them." The two other drivers also told the lieutenant that Deputy Curtis arrived on the scene after "a lull in the action." The lieutenant also reviewed a number of witness statements gathered by other deputies. Lieutenant Shedd deposed that the "large majority" of these statements supported his conclusion that Deputy Curtis had not been involved in a pursuit as that term was understood by employees of the Sheriff's Office,[1] and he shared that conclusion with the media when he was asked whether a pursuit had occurred. Lieutenant Shedd averred that he made the statement under the belief that it was true and that he had no intention to deceive anyone about the circumstances surrounding the collision.

Smith, however, did see the deputy. Smith made calls from the Columbia County Detention Center in which she admitted having seen the deputy and having attempted to elude him. These calls were recorded. Based on Smith's admissions, an investigator took out a warrant for Smith's arrest on July 20, 2006, charging her with felony murder. The Columbia County District Attorney's Office indicted Smith for felony murder, which was predicated on the felony attempt to elude the deputy. The indictment was filed with the Columbia County Clerk of Court on August 9, 2006, two months after the collision. Smith pleaded guilty on September 21, 2007, and is now serving a life sentence.

Branton deposed that he was aware of Smith's indictment and guilty plea because the District Attorney's Office kept him informed of the prosecution against Smith. Moreover, although he deposed that he never spoke to anyone with the Sheriff's Office, Branton began hearing rumors shortly after the collision that led him to believe a pursuit had occurred. He heard these rumors "on a constant basis." In his deposition he said: "[E]veryone found it very difficult to believe that there wasn't a chase." Branton points out that at least two witnesses signed statements on the day of the collision in which they stated that they believed that Deputy Curtis was closely pursuing Smith at a high rate of speed.

---

[1] The Columbia County Sheriff's Office General Orders Manual provides that a pursuit is an "active attempt by a deputy to apprehend a suspect operating a motor vehicle while the suspect is trying to avoid capture by using high-speed driving[.]" Deputy Curtis explained that a pursuit is underway only when the deputy is directly behind the offender with his blue lights and siren activated, the offender becomes aware of the deputy's presence and command to stop, and then the offender makes the decision not to stop. If the deputy continues following under these circumstances, then a "pursuit" is underway. Other employees with the Sheriff's Office, including Lieutenant Shedd, shared this understanding.

On June 19, 2006, Branton sued Smith in the Superior Court of Columbia County. Unable to recover from the uninsured felon, Branton pursued and recovered uninsured motorist benefits through his own insurance company. Branton dismissed this suit without prejudice on October 12, 2007, and filed a complaint against Columbia County and Sheriff Whittle in the Superior Court of Columbia County on February 5, 2008. Smith was not named as a co-defendant in this action. Branton dismissed this second suit four months later. On June 6, 2008, he filed the instant action in Richmond County against Columbia County, Sheriff Whittle in his official capacity, and Smith.

Branton sent an ante litem notice to Columbia County on January 14, 2008. It is undisputed that the ante litem notice was sent more than one year following the June 4, 2006 events which gave rise to Branton's claims against the county defendants. The county defendants moved for summary judgment on the ground that the ante litem notice was not served within one year of the accrual of the claim, as required by OCGA § 36-11-1. Following a hearing, the superior court found that the time for filing the ante litem notice had been tolled by the application of both OCGA §§ 9-3-96 and 9-3-99 and, therefore, denied the motion.

On appeal, the county defendants contend that the trial court erred in finding that OCGA §§ 9-3-96 and 9-3-99 tolled the limitation period for serving an ante litem notice on the county defendants.

Under Georgia law, "[a]ll claims against counties must be presented within 12 months after they accrue or become payable or the same are barred, provided that minors or other persons laboring under disabilities shall be allowed 12 months after the removal of the disability to present their claims." OCGA § 36-11-1. This Code section applies both to Columbia County and to Sheriff Whittle, who was sued in his official capacity only.[2] Branton concedes that,

---

[2] In a response to a supplemental brief, Branton makes a belated argument that an ante litem notice is not required in a suit against Sheriff Whittle as a matter of law, citing *Strickland v. Wilson*, 205 Ga. App. 91 (421 SE2d 94) (1992). In that case, however, we held that the failure to serve an ante litem notice on a county sheriff did not bar a suit against the sheriff when the plaintiff sought "a money judgment holding a governmental officer or agent *personally liable* albeit for actions in his official capacity, [because] that is a suit against the individual and not the government[.]" (Citations omitted; emphasis supplied.) Id. at 93. Because the suit did not seek a judgment from public funds, we reasoned, it was not a suit against the county. Id. In the instant case, however, Sheriff Whittle was sued only in his official capacity. That is tantamount to a suit against the county. *Ward v. Dodson*, 256 Ga. App. 660, 662 (569 SE2d 554) (2002). Thus, the claims against Sheriff Whittle are not sustainable without the ante litem notice. See *Conley v. Dawson*, 257 Ga. App. 665, 667 (1) (572 SE2d 34) (2002) (suit against a police officer in official capacity was a suit against the municipality and, thus, required service of ante litem notice); see also *Cameron v. Lang*, 274 Ga. 122, 126 (3) (549 SE2d 341) (2001) ("Suits against public employees in their official capacities are in reality suits against the state and, therefore, involve sovereign immunity.") (punctuation and footnote omitted).

ordinarily, his failure to comply with the ante litem notice provision within the time required by law would result in the action being dismissed.[3] He argues, however, that the "ante litem notice statute, like a statute of limitation, may be tolled[,]" *Carter v. Glenn*, 243 Ga. App. 544, 548 (2) (533 SE2d 109) (2000), and that both OCGA §§ 9-3-99 and 9-3-96 tolled the time during which he was required to serve his ante litem notice, rendering it timely. For the reasons set forth below, we hold that neither statute applies to toll the period for filing the ante litem notice under the facts of this case.

1. OCGA § 9-3-99, which was enacted as part of the "Crime Victims Restitution Act of 2005,"[4] provides:

> The running of the period of limitations with respect to any cause of action in tort that may be brought by the victim of an alleged crime which arises out of the facts and circumstances relating to the commission of such alleged crime committed in this state shall be tolled from the date of the commission of the alleged crime or the act giving rise to such action in tort until the prosecution of such crime or act has become final or otherwise terminated, provided that such time does not exceed six years.

As we explained in *Valades v. Uslu*, 301 Ga. App. 885 (689 SE2d 338) (2009), this statute

> tolls the statute of limitation for any cause of action in tort brought "by the victim of an alleged crime" while the prosecution of the *defendant* is pending, for a period not to exceed six years. [The civil defendant] was not prosecuted for any crime arising out of this incident. Therefore, OCGA § 9-3-99 does not toll the two-year statute of limitation, and the [tort] claims . . . are time-barred because they were filed more than two years after they accrued.

(Emphasis in original.) Id. at 888-889 (1).

Likewise, the county defendants were not prosecuted for any crime arising out the collision. Although the county defendants and Smith may be joint tortfeasors for purposes of the instant lawsuit, they were not criminal co-defendants who shared joint criminal responsibility for acts that resulted in a criminal prosecution. Thus,

---

[3] See *Bd. of Regents &c. v. Putnam County*, 234 Ga. App. 427 (506 SE2d 923) (1998) (court correctly dismissed suit when ante litem notice was served after the 12-month period had expired).

[4] Ga. L. 2005, pp. 88-89, §§ 1, 2.

the county defendants' actions did not arise "out of the facts and circumstances relating to the commission of such alleged crime." Because the county defendants were not criminal defendants in a prior prosecution, OCGA § 9-3-99 does not toll the time for filing the ante litem notice against them in the instant suit. See *Valades v. Uslu*, 301 Ga. App. at 889 (1). Therefore, the trial court erred in finding that the time for filing the ante litem notice was tolled on this basis.

2. OCGA § 9-3-96 provides: "If the defendant or those under whom he claims are guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an action, the period of limitation shall run only from the time of the plaintiff's discovery of the fraud." Additionally, in a case such as this, "where the gravamen of the underlying action is not a claim of fraud, . . . the statute of limitation[ ] is tolled only upon a showing of a separate independent actual fraud involving moral turpitude which deters a plaintiff from filing suit." (Punctuation and footnotes omitted.) *Hunter, Maclean, Exley & Dunn, P.C. v. Frame*, 269 Ga. 844, 847 (1) (507 SE2d 411) (1998). Therefore,

> [i]n order to establish fraudulent concealment under OCGA § 9-3-96 sufficient to toll the statute of limitation, a plaintiff must prove that: (1) the defendant committed actual fraud involving moral turpitude, (2) the fraud concealed the cause of action from the plaintiff, and (3) the plaintiff exercised reasonable diligence to discover his cause of action despite his failure to do so within the applicable statute of limitation.

(Citation omitted.) *Wilson v. Phillips*, 230 Ga. App. 290 (495 SE2d 904) (1998).

Branton contended the county defendants committed fraud when, shortly after the collision, Lieutenant Shedd, in response to a question from the media, said that Deputy Curtis had not engaged in a pursuit of Smith.[5] Pretermitting whether Lieutenant Shedd's statement was a lie rather than a misstatement or an honest statement of opinion, the statement did not conceal the cause of action from Branton. Branton deposed that he heard rumors almost immediately after the collision, and thereafter "on a constant basis,"

---

[5] Branton also argues in his appellate brief that "[t]here is a significant issue of spoliation in this case" because a written report made by Deputy Curtis immediately after the collision is allegedly missing. This spoliation argument, however, was not raised in the trial court. Since this argument was not raised below and the trial court has not ruled on it, it will not be considered here. See *Coweta County v. City of Senoia*, 275 Ga. 707, 709 (4) (573 SE2d 21) (2002).

154

that a pursuit had occurred. Also, the indictment against Smith, which was returned on August 9, 2006, revealed that the criminal charges against Smith were predicated on her attempt to elude a pursuing deputy. Branton was aware of the indictment, a public record, more than 17 months prior to his serving the ante litem notice. Because the record shows that Branton was aware of the facts that he contends gave rise to his claims despite the county defendants' alleged fraud, OCGA § 9-3-96 does not toll the time in which to file the ante litem notice. See *Hamburger v. PFM Capital Mgmt.*, 286 Ga. App. 382, 389 (4) (649 SE2d 779) (2007).

Further, there is no evidence in the record showing that Branton exercised reasonable diligence to discover his cause of action. The police report of the collision listed the names of several eyewitnesses, including the two eyewitnesses who believed a pursuit had occurred, yet there is no evidence Branton made an effort to speak with them. And, although the indictment listed the name of the investigator who arrested Smith on the felony murder and attempting to elude charges, there is no evidence that Branton attempted to interview the investigator. "A plaintiff cannot sit quietly by for a length of time exceeding that named in the statute of limitation[ ], and avoid its operation and save [his] cause of action by the mere allegation that [he] made the discovery only recently." (Citation and punctuation omitted.) *Jones v. Bd. of Regents &c.*, 219 Ga. App. 448, 449 (1) (466 SE2d 869) (1995). Because the record evidence does not show that the county defendants prevented Branton from learning that he had a cause of action based upon the alleged police pursuit that may have contributed to his wife's death, the trial court erred in applying OCGA § 9-3-96 to toll the period for serving the ante litem notice.

Because neither OCGA § 9-3-96 nor OCGA § 9-3-99 tolled the time during which Branton was required to serve the ante litem notice upon the county defendants, this action is time-barred, and the trial court erred in denying the county defendants' motion for summary judgment.

*Judgment reversed. Andrews, P. J., and Doyle, J., concur.*

Decided May 20, 2010 — 

*Hull & Barrett, James B. Ellington*, for appellants.
*Finch, McCranie & Brown, Richard W. Hendrix*, for appellees.