301 Ga. 380
FINAL COPY

S16G1452. CROY v. WHITFIELD COUNTY.

BLACKWELL, Justice.

This case concerns OCGA § 36-11-1, which provides that "[a]ll claims against counties must be presented within 12 months after they accrue or become payable," and if they are not so presented, "the same are barred." Five years ago, our Court of Appeals said in Coweta County v. Cooper, 318 Ga. App. 41 (733 SE2d 348) (2012), that presentment may properly be made to the county attorney, but only if the county attorney is employed by the county in house. Last year, the Court of Appeals decided In re Estate of Leonard, 336 Ga. App. 768 (783 SE2d 470) (2016), and it again distinguished between inside and outside county attorneys, holding that presentment to an outside county attorney is not a proper presentment. We granted a petition for a writ of certiorari to review the decision in Leonard,[1] and we now reverse. We hold that presentment

---

[1] In the Court of Appeals, this case was styled as In re Estate of Leonard, but here, it is styled as Croy v. Whitfield County, Croy being the executrix of the Estate of Leonard.

to the county attorney — inside or outside — is presentment for the purposes of OCGA § 36-11-1.

1. In January 2012, Joe Leonard, Jr., allegedly sustained injuries while riding as a passenger aboard a Whitfield County Transit Services bus. Leonard hired a lawyer, and in June 2012, his lawyer sent a letter to Robert Smalley, an attorney in Dalton, Georgia. Although Smalley is engaged in the private practice of law, he also serves as the County Attorney for Whitfield County, a position to which he was appointed prior to his receipt of the letter in June 2012. In that letter, Leonard's lawyer referred to the injuries that Leonard allegedly sustained in January, and he asked that Smalley accept the letter as a presentment of Leonard's claim against the County. Smalley thereafter discussed the matter with one or more members of the Whitfield County Board of Commissioners, but the record does not show whether Smalley actually gave the letter itself to the members of the Board.

In January 2014, Leonard filed a lawsuit against the County, seeking to recover damages for the injuries that he allegedly had sustained two years earlier. Soon after filing the lawsuit, Leonard died, and Janice Croy — his daughter and the executrix of his estate — was substituted as plaintiff. The

County then filed a motion for summary judgment under OCGA § 36-11-1, asserting that Leonard never properly presented his claim, and for that reason, it was barred. The County acknowledged the letter that Leonard's lawyer sent to Smalley in June 2012, but it argued that the letter was not a proper presentment because Smalley was not employed by the County in house.[2] The trial court awarded summary judgment to the County, and Croy appealed. Citing its earlier decision in Coweta County, the Court of Appeals affirmed. See In re Estate of Leonard, 336 Ga. App. at 770-771 (2) (b).[3]

2. The statutory presentment requirement of OCGA § 36-11-1 has been a part of our law for more than 150 years,[4] and it is clear and certain as far as it goes — any claim against a county must be presented within 12 months — but the statute does not say exactly how presentment is to be made. See Shigley &

---

[2] The County also asserted that the letter did not contain enough detail to adequately present a claim, but the trial court never ruled on the content of the letter. We decide nothing about the content of the letter. That question should be resolved in the first instance by the trial court.

[3] Judge McFadden wrote the opinion for the Court of Appeals, and Presiding Judge Andrews joined portions of it, including Division 2 (b). Presiding Judge Ellington and Judges Dillard and Branch concurred in judgment only. Presiding Judges Barnes and Miller dissented.

[4] See Code of 1863, § 479 ("All claims against counties must be presented within twelve months after they accrue or become payable, or the same are barred . . . .").

Hadden, Ga. Law of Torts - Trial Prep. & Prac. § 17:20 (2017). More than 100 years ago, this Court held that the presentment must be in writing, Powell v. Muscogee County, 71 Ga. 587, 588-589 (1883), and the presentment is properly directed to the governing authority of the county.[5] See Maddox v. Randolph County, 65 Ga. 216, 218 (2) (1880). But how should a claimant go about submitting his presentment to the governing authority? In Powell, we said that a claim ought to be presented by laying a written presentment before the governing authority at a time when it was convened and in session. See 71 Ga. at 588-589. Other longstanding precedents indicate, however, that this is not the only way in which a claim may be presented. In Dement v. DeKalb County, 97 Ga. 733, 735 (25 SE 382) (1895), this Court held that service of a lawsuit upon the members of the governing authority within the statutory period would suffice to present whatever claims were set forth in the pleadings. And more than 75 years ago, the Court of Appeals held in Davis v. Cobb County, 65 Ga.

_____

[5] Early on, the justices of the inferior court were charged with oversight of the financial affairs of the county, and at that time, a presentment was properly directed to the justices. See Maddox v. Randolph County, 65 Ga. 216, 217-218 (2) (1880). Then, for a period, the ordinary had charge of county finances. See id. at 218 (2). Eventually, county commissioners were assigned responsibility for the financial affairs of the county, and today, the commission is the governing authority. See Powell, 71 Ga. at 588.

App. 533, 535 (15 SE2d 814) (1941), that delivery of a written presentment to the sole member of the governing authority was good enough, notwithstanding that the governing authority was not in session at the time.

Before this case, we never have considered whether a claim properly might be presented to the governing authority by delivery of a presentment to anyone other than the members of the governing authority themselves. The Court of Appeals, however, has considered that question on several occasions. In Burton v. DeKalb County, 202 Ga. App. 676 (415 SE2d 647) (1992), the Court of Appeals considered whether the delivery of a presentment to a subordinate officer of the county government would suffice. There, counsel for the plaintiff presented her claim by way of a timely letter to the Insurance Manager in the Risk Management Division of the DeKalb County Department of Finance. The trial court concluded that this presentation of the claim did not satisfy the statutory requirement, but the Court of Appeals disagreed. In the absence of precedents addressing the delivery of presentment to a subordinate officer of the county government under OCGA § 36-11-1, the Court of Appeals looked to decisions construing and applying OCGA § 36-33-5 (b), which requires ante litem notice of claims against municipalities. See Burton, 202 Ga.

5

App. at 677-678. Notwithstanding that OCGA § 36-33-5 (b) explicitly requires that notice be given to "the governing authority of the municipal corporation," the Court of Appeals noted that it previously had held in a number of cases that ante litem notice "to the city attorney or any department or official of the municipal government" is sufficient. Id. at 678. Guided by the municipal ante litem notice decisions, the Court of Appeals then concluded that the presentment by letter to county risk management personnel satisfied the presentment requirement of OCGA § 36-11-1. See Burton, 202 Ga. App. at 678-679. Citing Burton, the Court of Appeals in other cases has spoken approvingly of presentments of claims against counties to departments or officers of county governments, other than the governing authority itself. See, e.g., Coweta County, 318 Ga. App. at 43 ("In general, presentation of notice under OCGA § 36-11-1 is sufficient when given to . . . any department or official of a county."); City of Columbus v. Barngrover, 250 Ga. App. 589, 596-597 (4) (552 SE2d 536) (2001) (claim against consolidated government was adequately presented under OCGA § 36-11-1 by way of letter to "the City," which apparently was directed to the director of public services).

6

Burton was not the first case in which the Court of Appeals looked to cases interpreting and applying the municipal ante litem notice statute as an aid to its understanding of OCGA § 36-11-1, and looking to those cases in this particular context is, we think, conceptually sound. Indeed, in Davis, 65 Ga. App. at 535, the Court of Appeals looked to municipal ante litem notice cases in its consideration of the manner by which a presentment is to be put before the governing authority of a county. And in City of Chamblee v. Maxwell, 264 Ga. 635, 637 (452 SE2d 488) (1994), this Court cited Davis with approval, explaining that the municipal ante litem notice and county presentment statutes have similar "objects and purposes," and they generally ought to be construed consistently, except, of course, where the statutory text indicates otherwise.[6] Cf. West v. City of Albany, 300 Ga. 743, 747-748 (797 SE2d 809) (2017) (explaining that where "ante litem [and presentment] statutes relating to different governmental entities" have differing provisions, the courts must respect those differences as "a matter of considered choice" on the part of the legislature). As to whom a presentment is to be directed, we have construed

---

[6] There are important textual differences between the municipal ante litem notice and county presentment statutes. No one should misunderstand us to suggest that the statutes should be construed consistently in every context.

7

OCGA § 36-11-1 to require presentment to the governing authority, see Maddox, 65 Ga. at 218 (2), and OCGA § 36-33-5 (b) provides explicitly that notice is to be given to the governing authority. And as the Court of Appeals correctly noted in Burton, it has construed the municipal ante litem notice statute in numerous cases and for many years to permit the notice to be submitted to the governing authority indirectly, by way of delivery of the notice to various departments and officers of municipal governments, other than the governing authority itself. See Chiles v. City of Smyrna, 146 Ga. App. 260, 263 (246 SE2d 117) (1978) ("In order for notice to be in compliance with [OCGA § 36-33-5 (b)], it must be addressed to and received by the municipality or one of its departments or officials."). See also Tanner v. City of Gainesville, 162 Ga. App. 405 (290 SE2d 541) (1982) (notice to mayor); Mitchell v. City of St. Marys, 155 Ga. App. 642 (271 SE2d 895) (1980) (notice to mayor); Hicks v. City of Atlanta, 154 Ga. App. 809 (270 SE2d 58) (1980) (notice to "Department of Environment & Streets (Water Bureau), City of Atlanta," as well as to city attorney); City of Atlanta v. Fuller, 118 Ga. App. 563 (164 SE2d 364) (1968) (notice to "City of Atlanta, Department of Law"); City of Lafayette v. Rosser, 53 Ga. App. 228 (185 SE 377) (1936) (notice to mayor); Davis v. City of Rome,

8

37 Ga. App. 762 (142 SE 171) (1928) (notice to clerk of city commission and custodian of municipal records).

To decide this case, we need not (and do not) endorse everything said by the Court of Appeals in Burton and the municipal cases on which Burton relied. It is enough that we accept the fundamental premise of those cases, the earliest of which was decided 89 years ago — that the proper presentation of a claim to a governing authority does not always and inevitably require that the presentment be directly laid in the hands of the members of the governing authority. The presentment sometimes may be submitted to the governing authority by delivering it to subordinate officers of the county government.

Accepting that premise, we conclude that the county attorney is among those officers to whom a presentment properly may be delivered.[7] The county attorney is the legal representative of the county, the chief legal officer of the county government, and the principal legal advisor to the governing authority. See generally Vollrath v. Collins, 272 Ga. 601, 602-603 (2) (533 SE2d 57) (2000) ("the county attorney serves as the legal representative and agent of the

---

[7] When we speak of "the county attorney," we do not mean any lawyer doing work for a county. Instead, we mean *the* county attorney, that is, the regular and duly appointed county attorney.

9

county"); City of Atlanta v. Black, 265 Ga. 425, 426 (457 SE2d 551) (1995) ("Public sector attorneys . . . are public officers."); Templeman v. Jeffries, 172 Ga. 895, 901 (159 SE 248) (1931) (county attorney is a public officer). He holds his office by virtue of his appointment by, or under the authority of, the governing authority itself.[8] See Templeman, 172 Ga. at 901-902. See also Walker v. Stephens, 175 Ga. 405 (165 SE 99) (1932). And he owes the utmost loyalty and diligence to the county, not only as a consequence of his acceptance of a public office of trust, but also because his professional responsibilities as a lawyer demand it. As the leading *legal* officer in the county government, the county attorney is as well suited as any officer of the county government to deal with legal claims against the county.

Because OCGA § 36-11-1 says nothing about the means by which a presentment properly is to be submitted to the governing authority of a county, the courts for many years have looked to the purpose of the statute in assessing the sufficiency of the manner of presentment. In Dement, we said that "the main object of the law was[,] doubtless[,] to provide that the county officials should

[8] We note that the County Attorney for Whitfield County is appointed by the authority of the Board of Commissioners. See Ga. L. 1964, p. 2175, § 24 (authorizing governing authority to employ a county attorney).

10

have timely notice of all demands against the county, in order that they might intelligently and advisedly take the proper action concerning the same." 97 Ga. at 735. And in Davis, the Court of Appeals observed that "[t]he object of presenting a claim to a county before the institution of a suit is to afford the county an opportunity to investigate the claim and ascertain the evidence and to avoid the incurrence of unnecessary litigation." 65 Ga. App. at 534 (1). In light of the evident purpose of the statute, if presentments properly may be delivered to at least some officers of the county government, other than directly to the members of the governing authority itself — and consistent with longstanding precedents of our Court of Appeals, we accept that they may — they surely may be delivered to the county attorney. We hold that presentment of a claim against a county under OCGA § 36-11-1 may be submitted to the governing authority by way of the county attorney as a matter of law.

We reject, however, the distinction that the Court of Appeals has drawn between inside and outside county attorneys. In Coweta County, the Court of Appeals cited no authority for this distinction, other than City of LaGrange v. USAA Ins. Co., 211 Ga. App. 19 (438 SE2d 137) (1993), a case in which it held that notice to an insurer of a municipality did not satisfy the ante litem notice

11

requirement of OCGA § 36-33-5 (b). But as City of LaGrange explains, the inadequacy of notice to an insurer is based in significant part on the reality that the respective interests of an insurer and its insured may not always align. See 211 Ga. App. at 21 (1). A lawyer is not an insurer, and a lawyer serving as the county attorney owes the same duties of loyalty and diligence to the county, regardless of whether the lawyer is employed by the county in house. If a lawyer has a conflict of interest, he must (at a minimum) disclose it to his client, and in some instances, he must withdraw from the representation. As such, City of LaGrange simply has no application to a county attorney. To the extent that Coweta County indicates that presentment may not properly be made to an outside county attorney, we disapprove it.[9]

Notwithstanding that Smalley was an outside county attorney, the timely delivery of an otherwise adequate presentation of a claim against Whitfield County to Smalley would satisfy the statutory presentment requirement of OCGA § 36-11-1. The trial court erred when it concluded that a presentment

---

[9] That said, we are not convinced that Coweta County was wrongly decided. In that case, the presentment was addressed to someone who was not shown by the record to be the county attorney (inside or outside), an attorney at the law firm to which the presentment was delivered, or even an attorney at all. See 318 Ga. App. at 42.

delivered to Smalley could not satisfy the statutory requirement, and the Court of Appeals erred when it relied on the untenable distinction between inside and outside county attorneys to affirm the award of summary judgment to the County. The judgment of the Court of Appeals is reversed.

3. Given our holding in Division 2, we need not address Croy's alternative argument that the time for Leonard to satisfy the statutory presentment requirement was tolled by his alleged disability.

Judgment reversed. All the Justices concur.

Decided June 19, 2017.

Certiorari to the Court of Appeals of Georgia — 336 Ga. App. 768.

R. Leslie Waycaster, Jr.; Timothy H. Allred, for appellant.

Womack, Gottlieb & Rodham, Ronald R. Womack, Steven M. Rodham; McCamy, Phillips, Tuggle & Fordman, Robert H. Smalley III, for appellee.