Doyle, Presiding Judge, concurring in part and dissenting in part.
Because I believe that Mendez's notice to Polk County satisfied the presentment requirement in OCGA § 36-11-1, I would affirm the trial court's denial of the consolidated motion to dismiss Sheriff Moats and Deputy Allred in their official capacities. With respect to Deputy Allred in her individual capacity, I agree that she is immune under OCGA § 36-92-3 (a).[1] Accordingly, I fully concur with Division 1 and respectfully dissent to Division 2.
This case arises in the context of a respondeat superior action against a sheriff and his *815 deputy based on the alleged negligence of the deputy in an on-duty automobile collision. The plaintiff, Mendez, timely presented his claim to Polk County and not the sheriff, so the question is whether this met his obligation under the county presentment statute, OCGA § 36-11-1.
To answer this question, the majority primarily relies on Davis v. Morrison ,[2] which stands for the proposition "that [the presentment requirement in] OCGA § 36-11-1 applies both to the counties and to the sheriffs, when sued in their official capacities."[3] Based on this principle, the Davis court held that a plaintiff was required to present his claim against a deputy to the sheriff , so the plaintiff's presentment to the county was insufficient and fatal to his suit.[4]
In so holding, Davis relied on Columbia County v. Branton ,[5] which addressed claims against a sheriff in his official capacity allegedly arising from a vehicle chase involving a sheriff's deputy and a fleeing suspect.[6] The plaintiff presented the claim to the county (and only the county) more than one year after the injury, so the issue in that case was, in part, whether the presentment requirement was tolled by certain statements made by law enforcement officers that allegedly concealed the facts supporting the claim.[7] After analyzing the facts, this Court held that none of the circumstances "tolled the time during which [the plaintiff] was required to serve the ante litem notice upon the county defendants, [so] this action is time-barred" by the plaintiff's failure to timely meet the presentment requirement in OCGA § 36-11-1.[8] The Branton court did not address the question presented here and in Davis -whether timely presentment to the county (as opposed to the sheriff) is sufficient - and I believe Davis improperly extended Branton in the present context.
Turning to the actual text of the presentment requirement, I note that
[w]hen we consider the meaning of a statute, we must presume that the General Assembly meant what it said and said what it meant. To that end, we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would.[9]
Also, "the statutory requirement, being in derogation of the common law, is strictly construed."[10]
The statutory text at issue is brief: "All claims against counties must be presented within 12 months after they accrue or become payable or the same are barred...."[11] This language is plain enough on its face that it applies to "claims against counties," but it gives no other direction. In the context of a respondeat superior claim, such as the instant case against a sheriff for his deputy's alleged negligence, it is well settled that the proper defendant for such a claim is the sheriff , and not the county.[12] Therefore, I *816 question whether the statute as written should apply to a suit against a sheriff when the county is not a proper defendant.[13]
Nevertheless, our case law holds that suits against a sheriff (i.e., a "county officer"[14] ) in his official capacity "are, in essence, claims against [the county]."[15] In light of this, this Court has ruled that OCGA § 36-11-1 applies to cases brought against a sheriff in his official capacity.[16]
So if these cases are treated as "claims against counties" for purposes of the county presentment statute, then presentment to the county should suffice, particularly under a strict construction of the statute. As explained by the Supreme Court in Croy v. Whitfield County ,[17] for more than 100 years, our courts have held that "presentment is properly directed to the governing authority of the county."[18] The county and the sheriff are distinct, and the county leadership, not the sheriff, is the governing authority.[19] As such, the county is the entity responsible for allocating a budget to the sheriff and ultimately funding any settlement or judgment.[20] Further, the purpose of the presentment statute is "to provide ... the county officials ... timely notice of all demands against the county, in order that they might intelligently and advisedly take the proper action concerning the same."[21] As county officers, sheriffs routinely coordinate with their county on budgetary and related administrative affairs, and counties and their attorneys are more than capable of effectively communicating with a sheriff and his attorney when he is sued. Thus, consistent with more than a century of precedent, presentment to the county in this case is supported by the text of the statute and advances the purpose of OCGA § 36-11-1.[22]
*817 The presentment requirement is purely a creature of statute that exists in derogation of common law.[23] As such, the requirement should not be extended by analogy or approximation nor made more specific,[24] no matter how reasonable the result nor how minimal the burden to plaintiffs.
Unlike other similar ante litem statutes, the county presentment statute says nothing about to whom presentment must be made,[25] nor does the statutory text support the conclusion that presenting "claims against counties"[26] to the county is somehow insufficient. Absent more specificity in the statute, allowing presentment to the county here is the "most natural and reasonable"[27] way to read the text, and I believe we should overrule the contrary holding in Davis - a relatively recent and isolated case without a long legacy of precedent associated with it.[28] Indeed, if this should be considered a suit against the sheriff in a more narrow sense (and not a suit against the county), then the county presentment statute should not apply at all. Accordingly, I respectfully disagree that Mendez failed to meet the presentment requirement in OCGA § 36-11-1 when he timely presented his claim to the chairman of the Polk County Board of Commissioners.
I am authorized to state that Presiding Judge Barnes, Presiding Judge Miller, and Presiding Judge McFadden join in this dissent.

Mendez urges that the County should be substituted as the proper defendant under OCGA § 36-92-3 (b), but as noted below, the sheriff (not the county) is the proper defendant in a suit against a deputy in her official capacity asserting a respondeat superior claim.

344 Ga. App. 527, 810 S.E.2d 649 (2018).

Id. at 532 (2), 810 S.E.2d 649.

See id.

304 Ga. App. 149, 695 S.E.2d 674 (2010), overruled in part on other grounds by Harrison v. McAfee , 338 Ga. App. 393, 402 (3), 788 S.E.2d 872 (2016).

See Branton , 304 Ga. App. at 149-151, 695 S.E.2d 674.

See id. at 153-154 (2), 695 S.E.2d 674. The plaintiff alleged that officers wrongfully denied that the deputy was actively pursuing the suspect who injured the plaintiff.

Id. at 154 (2), 695 S.E.2d 674.

(Citations and punctuation omitted.) Deal v. Coleman , 294 Ga. 170, 172-173 (1) (a), 751 S.E.2d 337 (2013).

Strickland v. Wilson , 205 Ga. App. 91, 93, 421 S.E.2d 94 (1992).

OCGA § 36-11-1.

See Gilbert v. Richardson , 264 Ga. 744, 754 (7), 452 S.E.2d 476 (1994) ("Since deputy sheriffs are employed by the sheriff rather than the county, sheriffs may be liable in their official capacity for a deputy's negligence in performing an official function."); Brown v. Jackson , 221 Ga. App. 200, 201 (2), 470 S.E.2d 786 (1996) ("[D]eputy sheriffs are employees of the sheriff rather than the county, and therefore the county cannot be liable for their actions as their principal."), citing Gilbert , 264 Ga. at 754 (7), 452 S.E.2d 476 and Wayne County v. Herrin , 210 Ga. App. 747, 751 (3), 437 S.E.2d 793 (1993) ("The sheriff, and not the county, is liable for the misconduct of his deputies.").

In light of the brevity of the statute and the conflicting interpretations by the majority and this dissent, I believe that the county presentment statute is a good candidate for clarification by the General Assembly. It is reasonable that a sheriff, a county officer independent of the county, would be entitled to presentment of a claim against him, but the current wording of the statute does not explicitly require it.

Ga. Const. of 1983, Art. IX, Sec. I, Par. III (a)-(b).

Gilbert , 264 Ga. at 746 (2) n.4, 452 S.E.2d 476.

See Branton, 304 Ga. App. at 151 fn. 2, 695 S.E.2d 674 (holding that a suit against a sheriff in his official capacity "is tantamount to a suit against the county"), citing Ward v. Dodson , 256 Ga. App. 660, 662, 569 S.E.2d 554 (2002). Also, as appropriately noted by the majority, we have held that other statutes are operable with respect to sheriffs despite a lack of explicit reference to sheriffs. See Wingler v. White , 344 Ga. App. 94, 100 (1), 808 S.E.2d 901 (2017) (addressing OCGA § 33-24-51 (b) ); Strength , 311 Ga. App. at 38 (1), 714 S.E.2d 723 (addressing OCGA § 36-92-2 (a) ); Teasley v. Freeman , 305 Ga. App. 1, 3 (1), 699 S.E.2d 39 (2010) (addressing OCGA § 34-9-11 ).

301 Ga. 380, 801 S.E.2d 892 (2017).

Id. at 381 (2), 801 S.E.2d 892.

See Bd. of Commrs. v. Saba , 278 Ga. 176, 177 (1), 598 S.E.2d 437 (2004) ("[A]s a county officer, the sheriff's budget and accounts are subject to the authority of the county commission, which can amend or change estimates of required expenditures presented by the county officer. The county commission has [discretion] to cut the budget of an elected constitutional county officer [subject to judicial review].").

See id. ; Lawson v. Lincoln County , 292 Ga. App. 527, 529, 664 S.E.2d 900 (2008).

Croy , 301 Ga. at 385 (2), 801 S.E.2d 892.

In reaching this conclusion, I add that I do not believe that presentment to the sheriff, if that had been done, would be insufficient. As explained in Croy , the county presentment statute "does not always and inevitably require that the presentment be directly laid in the hands of the members of the governing authority. The presentment sometimes may be submitted to the governing authority by delivering it to subordinate officers of the county government," such as the county attorney in Croy . Croy , 301 Ga. at 384 (2), 801 S.E.2d 892. While a sheriff is not considered a subordinate county officer, there is no dispute that a sheriff is a "county officer." As such, presentment to the sheriff should suffice under the reasoning in Croy , particularly when the sheriff is the defendant. See Croy , 301 Ga. at 384 (2), 801 S.E.2d 892. See also Teasley , 305 Ga. App. at 3 (1), 699 S.E.2d 39 ("it is self-evident that a sheriff is not an entity entirely separate from the county for all purposes, rather he is an elected officer operating within the framework of a county as composed by the Constitution and relevant statutes"). Accordingly, my holding here is narrow: not that presentment must be made to the county governing body and only that body; rather, that presentment to the county in this case (as opposed to the sheriff) met Mendez's burden under OCGA § 36-11-1.

See Strickland , 205 Ga. App. at 93, 421 S.E.2d 94.

Cf. Croy , 301 Ga. at 384 (2), 801 S.E.2d 892 (noting the lack of specificity in the presentment statute such that it "does not always and inevitably require that the presentment be directly laid in the hands of" a specific county body or officer) (emphasis supplied).

In this way, the presentment statute is different from ante litem notice statutes such as the Georgia Tort Claims Act, OCGA § 50-21-26 (a) (2) (outlining a requirement to notify the Risk Management Division of the Department of Administrative Services and the state government entity alleged to be at fault), and the municipal presentment statute, OCGA § 36-33-5 (b) (explicitly requiring notice "in writing to the governing authority of the municipal corporation"). See generally Croy , 301 Ga. at 383 n.6, 801 S.E.2d 892 ("There are important textual differences between the municipal ante litem notice and county presentment statutes. No one should misunderstand us to suggest that the statutes should be construed consistently in every context.").

OCGA § 36-11-1.

Deal , 294 Ga. at 172 (1) (a), 751 S.E.2d 337.

See State v. Jackson , 287 Ga. 646, 658 (5), 697 S.E.2d 757 (2010) ("Stare decisis is an important principle that promotes the rule of law, particularly in the context of statutory interpretation, where our incorrect decisions are more easily corrected by the democratic process. However, stare decisis is not an inexorable command, nor a mechanical formula of adherence to the latest decision. Stare decisis is instead a principle of policy. In considering whether to reexamine a prior erroneous holding, we must balance the importance of having the question decided against the importance of having it decided right . In doing so, we consider factors such as the age of the precedent, the reliance interests at stake, the workability of the decision, and, most importantly, the soundness of its reasoning.") (citation and punctuation omitted; emphasis in original).