No. 21.—BENJAMIN S. HOLLEY, plaintiff in error, *vs.* ZACHARIAH WALLACE and others, defendants in error.

[1.] When a judgment is rendered against the Sheriff for the official miscon- duct of his Deputy, the Deputy himself being present in Court, and mak- ing a return to the rule, he is concluded by the judgment, in an action against him by his principal for reimbursement. How far is the surety of the Deputy, who had no judicial notice of the proceeding, bound ?    *Quere?*

[2.] May an officer, who is sued for not levying property as belonging to the debtor, prove a paramount title in another, in his defence ?    *Quere.*   And will such defence be available, where the execution is founded upon a judgment of foreclosure of a mortgage on real estate ?    *Quere.*

Debt, in Marion Superior Court.    Tried before Judge IVERSON, March Term, 1851.

Benjamin J. Holley, the Sheriff of Marion County, appointed Zachariah Wallace his Deputy, taking bond with security from

him for the proper discharge of his duties. A mortgage *fi. fa.* in favor of *Dowd & Wells vs. F. M. Collins*, directing the Sheriff to sell certain lands therein described, was placed in the hands of Wallace to be executed, who, having failed so to do, a rule was taken against Holley, the principal Sheriff, to show cause why he should not pay over the amount due on the *fi. fa.* The return to this rule was made orally by Wallace, or under his direction, he being present in Court; and it being proven that Wallace admitted he had, by accident, mislaid the *fi. fa.* until it was too late to levy and sell, the rule was made absolute against Holley, and he was forced to pay the amount of the value of the mortgaged property.

Holley then commenced suit against Wallace and his sureties, upon his bond. The defendants pleaded, among other things, 1. That at the time of the making of the supposed mortgage, by Collins, he (Collins) had no title, claim, or interest in the lands he professed to morgage, nor were they in his possession, or the possession of any tenant of his; but were held adversely to said Collins at the time the morgage came to Wallace's hands. 2. That the mortgage on which the *fi. fa.* was founded, was not recorded within three months from its date; that after its execution, other creditors of Collins obtained general judgments against him, which were levied upon the lands so mortgaged; that under this levy the land was sold, the purchaser at which sale was in possesion thereof at the time the said *fi. fa.* came into the hands of Wallace; and that no indemnity was tendered to Wallace by the plaintiff in mortgage *fi. fa.*

Upon the trial, at March Term, 1851, the counsel for plaintiff moved to strike out these pleas of the defendant. The Court overruled the motion, and this decision is assigned as error.

The evidence exhibited the facts as to the default of the Deputy, as above stated. It also appeared, that in recording the mortgage, the Clerk had failed to record the name of the mortgagor, and that the land had been sold under general judgments, obtained against Collins, since the date of the mortgage, with notice by the officer selling, that it was sold subject to the mortgage. Several exceptions were filed to the charge of the Court

below, but as these were not reviewed and decided by this Court, it is unnecessary to state them at large.

WORRILL & B. HILL, for plaintiff in error.

H. L. BENNING, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] As Wallace was a party to the rule against Holley, in which the latter was made chargeable with the debt of Dowdell & Wells, on account of the default of his deputy, Wallace, in not levying their mortgage *fi. fa.* it is clear that he is concluded by the judgment against his principal. It is, in fact, though not in form, a judgment against Wallace himself. How far David Elliott, one of the securities of Wallace, and a party to the present suit, and who had no judicial notice of the proceeding, may be bound by it, is another question.

[2.] There is respectable authority to the effect, that in an action against the Sheriff for not levying upon property as belonging to the debtor, he may prove a paramount title in another. *Fuller vs. Holden*, (4 *Mass. R.* 498.) *Denny vs. Willard* (11 *Pick. Rep.* 519.)

But when such defence has been admitted, the directions to the officer in the writ were general; whereas, by the mortgage execution, he is commanded to sell the particular property therein described. And this authority, we apprehend, would be sufficient to secure him from an action at the instance of the owner. At Common Law, where indemnity was tendered, the officer was bound to levy.

While I would stretch the powers of the Courts to the utmost, to shield vigilant officers, I am unwilling, for myself, to relax these salutary rules, founded in wisdom and vindicated by experience, which have been established for the protection of the community against agents who are artfully delinquent.

What are the facts here? Mr. Wallace admitted that he neglected to levy the mortgage execution in time to make the mon-

ey, in consequence of having mislaid it. For this breach of duty on his part, he stands by and sees his principal, Mr. Holley, made responsible for the debt. And now, when he is sued for reimbursement, he seeks to defend himself, upon the ground that the title to the land was not in Collins, the mortgagor, and that if it was, that the mortgagees had lost their lien by failing to have it recorded within time.

If this showing was available, why was it not made in time to save his principal harmless?

It is against both principle and policy, in my humble judgment, to allow an officer to take the law into his own hands, by peremptorily refusing, or, what is the same, wholly neglecting to execute the precepts of the Court to which he is bound, and which the creditor has a perfect right to insist upon. To suffer an officer to excuse himself, or even alleviate the damages consequent upon a wilful neglect of duty, by showing that property which he is specifically commanded to sell, is not subject to the debt, would be opening a wide door to collusive practices between officers and debtors, and their friends; and an execution instead of being *finis et fructus legis*, would be but a troublesome and expensive formality.

With these general views, the judgment below must be set aside, and a new trial awarded, without intending to define the exact *status* of the security, who is sued in this action. To do this, would be to anticipate the decision of the Superior Court upon the point, should it ever arise; and this Court has not *original* jurisdiction.