**FIFTH DIVISION
RICKMAN, C. J.,
MCFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT.  ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**September 10, 2021**

# In the Court of Appeals of Georgia

A21A1073. NUSZ v. PAULDING COUNTY, GEORGIA et al.

PHIPPS, Senior Appellate Judge.

Patricia Nusz sued Paulding County and Kyle Newton, individually and in his official capacity as an officer of the county sheriff's office, claiming that she suffered injuries in an automobile collision allegedly caused by Newton, who was driving a county-owned patrol car at the time.[1] The trial court dismissed both her initial complaint and her amended complaint, in which she sought to add the Paulding County Sheriff as a defendant, and Nusz appeals that order. She contends on appeal that the trial court misapplied the applicable statutory scheme when it dismissed

---

[1] Nusz's complaint also named as defendants several John Doe individuals and entities, but those defendants never were identified or served.

Newton and ruled that she failed to provide timely notice of her claims to the Sheriff.[2] For the reasons that follow, we affirm.

The collision at issue here occurred on February 6, 2019. On June 21, 2019, Nusz sent an ante litem notice to the County, informing several county representatives of her claims against Newton and the County. On July 27, 2020, she filed an initial complaint against Newton and the County, alleging that Newton caused the collision while driving a county-owned patrol car within the scope and during the course of his employment and that both defendants thus were liable for her injuries. The County and Newton moved to dismiss Nusz's complaint, arguing, as relevant here, that: (i) OCGA § 36-92-3 (a) bars Nusz's claims against Newton because he was driving a county-owned vehicle while in the performance of his duties at the time of the collision; (ii) the County is not a proper party because it cannot be held liable for the actions of a sheriff's employee under state law; and (iii) regardless, OCGA § 36-11-1 bars Nusz's claims against Newton and the Sheriff because she failed to present them with timely notice of the claims.[3]

---

[2] Nusz does not challenge the dismissal of the County.

[3] OCGA § 36-92-3 (a) shields local government employees from certain motor vehicle tort lawsuits, whereas OCGA § 36-11-1 generally requires claims against counties to be presented within 12 months after they accrue or become payable.

Nusz thereafter moved to substitute the Sheriff as a defendant in place of Newton; she conceded in her motion that Newton "was improperly named as a [d]efendant." Before the trial court ruled on her motion, Nusz filed an amended complaint naming the Sheriff as a defendant in place of Newton. The County and Newton opposed Nusz's motion to substitute on the ground that she had failed to present the Sheriff with timely notice of her claim under OCGA § 36-11-1. The County and Newton thereafter moved to dismiss Nusz's amended complaint on grounds that: (i) Nusz failed to obtain required court leave to add the Sheriff as a defendant; (ii) the County is not a proper party because it cannot be held liable for the actions of the Sheriff or his deputies; and (iii) Nusz failed to present the Sheriff with timely notice of her claim under OCGA § 36-11-1.

The trial court granted the motions to dismiss both complaints. The court concluded that Newton is not a proper party under OCGA § 36-92-3 (a), the County cannot be held liable for the actions of a deputy sheriff, and the Sheriff may not be added as a party because Nusz failed to give him timely notice of her claim. This appeal followed.

1. Nusz first argues that the trial court erred by dismissing Newton under OCGA § 36-92-3. She now claims that, because the patrol car at issue here was

3

insured by the County, this suit is not subject to OCGA § 36-92-3, but instead is subject to OCGA § 33-24-51,[4] which, according to Nusz, does not bar her claim against Newton individually.

This argument presents nothing for us to review, however, as Nusz did not raise it before the trial court. Although she cited OCGA § 33-24-51 in her amended complaint, Nusz did not cite or otherwise rely on that statute in her response to the County's and Newton's motion to dismiss. Instead, she expressly conceded that Newton is not a proper party to this action. Consequently, Nusz has abandoned this argument, and we therefore do not address it. See *Employees Retirement System of Ga. v. Baughman*, 241 Ga. 339, 341 (3) (245 SE2d 282) (1978) (a claim abandoned before the trial court presents nothing for this Court to review); *9766, LLC v. Dwarf House, Inc.*, 331 Ga. App. 287, 291 (4) (b) (771 SE2d 1) (2015) ("This court is for the correction of errors, and where the trial court has not ruled on an issue, we will not address it.") (citation and punctuation omitted); *Jackson v. State*, 252 Ga. App. 16, 16-17 (2) (555 SE2d 240) (2001) ("Issues presented for the first time on appeal furnish nothing for us to review, . . . because one may not abandon an issue in the trial

---

[4] OCGA § 33-24-51 addresses insurance policies obtained by local governments to cover certain motor vehicle claims and provides for limited waivers of sovereign immunity for such claims.

4

court and on appeal raise questions or issues neither raised nor ruled on by the trial court.") (citation and punctuation omitted).

2. Nusz next contends that the trial court erred by dismissing her claim against the Sheriff because, she asserts, the deadline to present him with notice of the claim under OCGA § 36-11-1 was tolled by fraud and equitable estoppel.[5] Once again, however, this argument presents nothing for us to review because Nusz did not raise it before the trial court. See *Employees Retirement System of Ga.*, 241 Ga. at 341 (3); *9766, LLC*, 331 Ga. App. at 291 (4) (b); *Jackson*, 252 Ga. App. at 16-17 (2).

3. In her final enumeration of error, Nusz contends that the trial court erred when it dismissed her amended complaint on the ground that her pre-suit notice to the County did not satisfy OCGA § 36-11-1's notice requirement as to the Sheriff. She asks us, essentially, to overrule our precedent as to that statute, which we recently

---

[5] The trial court did not explicitly dismiss the Sheriff from the case, as he never was properly added as a party. See *El Chico Restaurants, Inc. v. Transp. Ins. Co.*, 235 Ga. App. 427, 428 (2) (509 SE2d 681) (1998) (a court order is required to add a party); accord OCGA § 9-11-21. Rather, read as a whole, the trial court's dismissal order (i) implicitly denied Nusz's motion to substitute the Sheriff as a defendant on the ground that she did not provide him with the notice required by OCGA § 36-11-1 and (ii) dismissed her amended complaint on that basis.

addressed in *Moats v. Mendez*, 349 Ga. App. 811 (824 SE2d 808) (2019), a whole court decision. We decline to do so.[6]

We review de novo a trial court's ruling on a motion to dismiss, construing the pleadings in the light most favorable to the plaintiff and with any doubts resolved in the plaintiff's favor, to determine whether the complaint's allegations "disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts." *Moats*, 349 Ga. App. at 812-813 (citation and punctuation omitted). OCGA § 36-11-1 provides, in relevant part, "All claims against counties must be presented within 12 months after they accrue or become payable or the same are barred . . . ." Although the statute is silent regarding how presentment is to be made, this Court has held that, where a sheriff is sued, presentment must be made to the sheriff and not just to the county or its board of commissioners. See *Moats*, 349 Ga. App. at 814-818 (2); *Davis v. Morrison*, 344 Ga. App. 527, 531-532 (2) (810 SE2d 649) (2018).[7] While

---

[6] Nusz raised this argument in her opposition to Newton's and the County's motion to dismiss.

[7] Although the notice required by OCGA § 36-11-1 often is referred to as "ante litem" notice, see, e.g., *Moats*, 349 Ga. App. at 814-817 (2); *Davis*, 344 Ga. App. at 531-532 (2), the statute on its face does not explicitly require notice separate from the complaint to be presented before a complaint is filed. See *Mendez v. Moats*, 310 Ga. 114, 116 (1), n. 1 (852 SE2d 816) (2020) ("OCGA § 36-11-1's mandate is properly termed 'presentment,' because a plaintiff may satisfy the statute either by providing

6

Nusz takes issue with our prior rulings in this regard, we note that 11 of 15 judges of this Court agreed with the ruling in *Moats*. For that reason, and for the reasons stated in Judge Mercier's concurring opinion in *Moats*, we see no reason to revisit the holdings in *Moats* and *Davis*. See *Moats*, 349 Ga. App. at 818-819 (Mercier, J., concurring fully and specially). We therefore affirm the judgment of the trial court.

*Judgment affirmed. Rickman, C. J., concurs, and McFadden, P. J., specially concurs.*

---

pre-litigation (ante litem) notice of his claim or by filing and serving his complaint within the 12-month time limit.") (Nahmias, P. J., concurring in the denial of certiorari); *Burton v. DeKalb County*, 202 Ga. App. 676, 677 (415 SE2d 647) (1992) ("[OCGA § 36-11-1] is not truly an ante litem notice statute because if a complaint is filed and properly served within the 12-month time limit, the requirements of the statute are met.").

A21A1073. NUSZ v. PAULDING COUNTY et al.

McFADDEN, Presiding Judge, concurring fully and specially.

I concur fully with the majority opinion. As the majority writes, in a recent 11-4 en banc decision, we held of OCGA § 36-11-1's requirement that "claims against counties must be presented within 12 months after they accrue or become payable" that it extends to claims against sheriffs, but that when a claim is against a sheriff, presentment to the county does not satisfy the requirement. *Moats v. Mendez*, 349 Ga. App. 811, 814-818 (2) (824 SE2d 808) (2019). As the majority observes, the Supreme Court denied certiorari in *Moats*. I write separately to note that — even if it is ever appropriate to infer approval from a denial of certiorari — it is not appropriate to so infer on this occasion.

Certiorari was denied in *Moats* only after first having been granted. The writ was vacated as having been improvidently granted. *Mendez v. Moats*, 310 Ga. 114 (852 SE2d 816) (2020). Then-Presiding Justice Nahmias, joined by Justice Bethel, wrote that he concurred because the case did not properly present the "important questions" the writ had been granted to address; but he did so "with some reluctance." Id. at 115. He went on to explain, "it makes no sense legally or logically to hold on the

2

one hand that sheriffs equal counties to make § 36-11-1 apply to claims against sheriffs, while holding on the other hand that counties do not equal sheriffs with regard to the presentment requirement of the statute." Id.