**SECOND DIVISION**
**RICKMAN, P. J.,**
**GOBEIL and DAVIS, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 24, 2025**

# In the Court of Appeals of Georgia

A25A0874, A25A0875. MCINTOSH COUNTY v. NOLDEN; and vice versa.

GOBEIL, Judge.

In the underlying case, the trial court granted in part and denied in part a motion to dismiss a personal injury action stemming from a motor vehicle accident involving plaintiff Marc Nolden and a McIntosh County deputy sheriff. Nolden sued McIntosh County; Stephen Jessup, the Sheriff of McIntosh County, in his official capacity; and Austin R. Sanchez, the deputy sheriff involved in the accident. In Case No. A25A0874, the County appeals from the trial court's denial of the County's motion to dismiss based on its finding of a waiver of the County's sovereign immunity. In Case No. A25A0875, Nolden has cross-appealed from the trial court's dismissal of

the Sheriff. For the reasons explained more fully below, we vacate the trial court's order and remand for further consideration.

The record shows that Nolden filed suit against McIntosh County (through its Board of Commissioners), Sheriff Jessup, and Deputy Sanchez (collectively referred to as "Defendants"), alleging that he was injured in a car crash caused by Sanchez's negligence. According to the complaint, at the time of the crash, Sanchez was operating his patrol car within the course and scope of his employment with either McIntosh County or Sheriff Jessup. Nolden alleged that either the County or the Sheriff were liable for Sanchez's negligence under the doctrine of respondeat superior. Defendants moved to dismiss the complaint based on sovereign immunity and failure to state a claim. Following a hearing, the trial court dismissed the complaint against Jessup and Sanchez, but denied the motion as to the County. The court issued a certificate of immediate review at the County's request, we granted the application for interlocutory review, and this appeal and cross-appeal followed.

*Legal Framework*

Counties are entitled to sovereign immunity unless waived by the Georgia Constitution or an act of the General Assembly. See Ga. Const. of 1983, Art. IX, Sec.

2

II, Par. IX. See also *Cameron v. Lang*, 274 Ga. 122, 126 (3) (549 SE2d 341) (2001) ("The Georgia Constitution provides that the General Assembly may waive the immunity of counties . . . by statute."). And, for claims of negligence in the official use of government vehicles insured by liability policies, the General Assembly has enacted such a waiver. See OCGA § 36-92-2 (a) - (b). OCGA § 36-92-3 (a) provides that any "local government officer or employee" who commits a tort involving the use of a "covered motor vehicle"[1] is not subject to lawsuit or liability. OCGA § 36-92-3 (b), in turn, explains the proper party to be named, and requires a plaintiff asserting such a claim to "name as a party defendant the local government entity for which the officer or employee was acting[.]" The statute expressly instructs a plaintiff "not [to] name the local government officer or employee individually." Id. A "local government entity" is defined as "any county, municipal corporation, or consolidated city-county government of this state." OCGA § 36-92-1 (3).

---

[1] OCGA § 36-92-1 (2) (A) defines a "covered motor vehicle" as "[a]ny motor vehicle owned by the local government entity[.]" In his complaint, Nolden alleged that the vehicle Sanchez was driving at the time of the accident was "owned by one of the Defendants." The parties have not raised the issue of whether the vehicle was a "covered motor vehicle" in the instant appeal and cross-appeal. In any event, accepting that allegation as true, as we must at this stage of the litigation, see *Milliron v. Antonakis*, 319 Ga. 616, 622 (1) (905 SE2d 657) (2024), we will presume that the subject vehicle is a "covered motor vehicle" for purposes of the instant analysis.

Prior to July 2019, a "local government officer or employee" was defined as an "officer, agent, servant, attorney, or employee of a local government entity." OCGA § 36-92-1 (4) (2002). However, effective July 1, 2019, the General Assembly amended the definition of a "local government officer or employee" to include "[a] sheriff, deputy sheriff, or any other agent, servant, or employee of a sheriff's office." OCGA § 36-92-1 (4) (B). In *Mendez v. Moats*, then-Presiding Justice Nahmias observed that, although the definition of "local government officer or employee" was amended in 2019, the definition of "local government entity" was not, although the uncodified preamble to the 2019 amendment asserted that "a sheriff's office shall be considered a local government entity." 310 Ga. 114, 124 (3) (a) n. 8 (852 SE2d 816) (2020) (Nahmias, P. J., concurring); see Ga. L. 2019, p. 781 § 1. Justice Nahmias then reasoned:

> So it is textually clear now that a "sheriff" is *not* a "local government entity," although perhaps his "office" is under the guise of the "county." In any event, going forward, it appears that a plaintiff injured by a sheriff's deputy negligently using a covered motor vehicle is *statutorily prohibited* from suing the deputy or the sheriff; the plaintiff may sue only the pertinent local government entity (which the statute says is the "county," although the preamble suggests might be called the "sheriff's office").

4

*Mendez*, 310 Ga. at 124 (3) (a) n. 8 (emphasis in original). With this framework in mind, we turn to the order now on appeal.

*Trial Court's Ruling*

Relying on the amended statute, the trial court denied the County's motion to dismiss. Specifically, the trial court rejected the County's argument that under *Green v. Baldwin County Bd. of Commrs.*, 355 Ga. App. 120, 121 (2) (842 SE2d 916) (2020), it could not be held vicariously liable for the negligence of the deputy sheriff, Sanchez, because he was employed by the Sheriff and not by the County. In so ruling, the trial court found *Green* unpersuasive because it was based on an analysis of the law that existed prior to the 2019 amendments of OCGA § 36-92-1. The trial court instead found that the Supreme Court's recent decision in *Collington v. Clayton County*, 318 Ga. 29, 37-38 (2) (b) (897 SE2d 361) (2024), suggested that the County was the proper defendant for the claims raised here.[2]

---

[2] In *Collington*, our Supreme Court held that the requirements of Georgia's presentment statute, OCGA § 36-11-1, were satisfied by presenting notice to a county governing body. *Collington*, 318 Ga. at 37-38 (2) (b). In addition, the Court in *Collington* explained the relationship between a county, its sheriff, and the sheriff's deputy. See id. at 37 (2) (a) (noting that local government entities, including counties, "are the ones who provide for the payment of claims, settlements, judgments, and the associated costs arising out of losses caused by covered motor vehicles," and because the record showed that Clayton County owned the vehicle the sheriff's deputy was driving at the time of the

The trial court further rejected the County's related argument that OCGA § 36-92-3 only waives immunity for actions of the County's own officers and employees, not those employed by the Sheriff.[3] The court reasoned that the expanded statutory definitions in OCGA § 36-92-1, considered in the context of the overall statutory scheme, suggest that a "local government entity" — like the County — can be held liable for the acts of a deputy sheriff, regardless of the employment relationship. The trial court also granted the motion to dismiss Sheriff Jessup in his official capacity, finding no waiver of sovereign immunity under OCGA § 33-24-51 (b).[4]

*A25A0874 and A25A0874*

In Case No. A25A0874, the County argues that it may not be held liable for the actions of an employee of an elected constitutional officer. Put another way, the

---

collision, "any 'judgment or decree' issued in this case would 'affect or control the property or action of' Clayton County and thus is a suit against the County") (citations and punctuation omitted).

[3] In *Collington*, the Supreme Court expressly did not reach the issue of whether Clayton County was a proper party to be sued following the 2019 amendments to OCGA § 36-92-1 et seq., stating: "We do not decide who the proper defendant is to be sued in this case." 318 Ga. at 33 (1) n. 8.

[4] The trial court granted the motion to dismiss as to Deputy Sanchez, a ruling that Nolden does not contest in his cross-appeal. Indeed, OCGA § 36-92-3 (b) instructs a that a plaintiff not name the local government officer or employee individually.

County contends that because a sheriff in his or her official capacity is a deputy sheriff's sole employer, suits alleging negligence by a deputy sheriff are barred if brought against the County. In sum, the County maintains that after the 2019 amendments, there is no proper defendant in this type of case because the sheriff and deputy sheriff are statutorily excluded from liability, and there is no waiver of sovereign immunity or vicarious liability for the county since it does not employ the deputy sheriff. Nolden counters that the legislature could not have intended to leave those injured in motor vehicle collisions with a sheriff or deputy sheriff without a remedy. He further argues that OCGA § 36-92-1 (4) (B) codifies the waiver of sovereign immunity to sheriffs as local government officers or employees, and when read with existing case law, provides that the County is the proper party to sue in the instant case.

In his cross-appeal in Case No. A25A0875, Nolden argues that the trial court erred by granting the motion to dismiss Sheriff Jessup in his official capacity.

While these appeals were pending, this Court issued a decision in *Paulk v. Wilson*, 376 Ga. App. 46 (918 SE2d 95) (2025) (cert. applied for, Case No. S25C1388). In that case, this Court affirmed the trial court's denial of a sheriff's motion to dismiss

7

a plaintiff's complaint for injuries she sustained in an automobile accident allegedly caused by a deputy's negligent operation of a sheriff's department vehicle. Id. at 46-47. Citing OCGA § 36-92-1 et seq., we held that the plaintiff properly brought the suit against the sheriff in his official capacity because the suit constituted a claim against the county. Id. at 47. This recent decision, in which the appellant sheriff has petitioned for certiorari, and another recent decision by this Court, *Chavez v. Hanks*, ___ Ga. App. ___, ___ (___ SE2d ___) (Case No. A25A1233, decided October 10, 2025), had not been issued at the time of the trial court's decision and have application to the instant appeals.

In light of these decisions, we vacate the trial court's order as it pertains to Sheriff Jessup in his official capacity — and also as to the separate but related question of whether the County is a proper party — and remand for further consideration. See *Chavez*, ___ Ga. App. at ___ (vacating and remanding case to trial court for further consideration in light of *Paulk* where trial court granted sheriff's motion to dismiss

complaint — for injuries allegedly caused by deputy sheriff's negligent operation of sheriff's department vehicle — filed against sheriff in his official capacity).

*Judgments vacated and cases remanded with direction. Rickman, P. J., and Davis, J., concur.*